# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOE K. RICHARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-216-R |
| | ) |
| DEBORAH STAFFORD et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

On March 3, 2015, Plaintiff Joe K. Richards, an Oklahoma state prisoner appearing pro se, conditionally filed this action under 42 U.S.C. § 1983. *See* Compl., Doc. No. 1; LCvR 3.2, 3.3(d); *see also* Doc. No. 4. United States District Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). The undersigned recommends that the action be dismissed without prejudice.

## BACKGROUND

Mr. Richards is currently incarcerated at the William S. Key Correctional Center ("WSKCC") in Fort Supply, Oklahoma. Compl. at 1. In his Complaint, Mr. Richards alleges that Defendant Deborah Stafford, a law librarian at WSKCC, "opened [Mr. Richards'] legal mail without [him] being present." Compl. at 1, 2.[1] Mr. Richards further alleges that Defendant William Monday, the WSKCC Warden, "ordered [Mr.

---

[1] When quoting documents filed by Mr. Richards, the undersigned has altered the capitalization to improve readability.

Richards] not [to] file any more grievances or requests to staff on this subject." *Id.* Mr. Richards states that he has "received three misconducts since he reported the incident." *Id.* at 2. He "believe[s] they were given for retaliation" and "due to a discrimination because of race and [are] close to a violation of [his] civil rights." *Id.* Mr. Richards adds: "While discussing the matter with Linda Eike I received a misconduct which resulted in my parole being denied." *Id.* at 5. As to relief, Mr. Richards requests *only* that his "parole be granted at this time." *See id.*

## ANALYSIS

Plaintiff alleges that prison officials acted improperly but, as relief, seeks only his immediate parole. Parole is a discretionary, conditional release from incarceration after a prisoner has served a portion of his or her sentence. *See*, *e.g.*, Okla. Const. art. 6, § 10; Okla. Admin. Code § 515:1-1-2. By alleging that his parole was improperly denied, and requesting that "parole be granted at this time," Mr. Richards seeks a shorter prison term. *See* Compl. at 2, 5.

"[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement'" and, thus, cannot seek "'immediate release from prison,' or the 'shortening' of his term of confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 78-79 (2005) (quoting *Preiser v. Rodriguez,* 411 U.S. 475, 482, 489 (1973)). The prisoner "must seek federal habeas corpus relief (or appropriate state relief) instead." *Id.* at 78. Mr. Richards' challenge to the duration of his confinement may not be made through a 42 U.S.C. § 1983 civil action. *See Wilkinson*, 544 U.S. at 78-79; *see also Jones v. Georgia*,

2

No. CIV-15-0049-D (report and recommendation of Jan. 23, 2015), *adopted* (W.D. Okla. Feb. 18, 2015).

RECOMMENDATION

For the foregoing reasons, the undersigned recommends that this conditionally filed civil action[2] be dismissed without prejudice.

NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by April 29, 2015, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation terminates the referral in the present case.

ENTERED this 8th day of April, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE

---

[2] Mr. Richards has not, to date, paid the filing fees for a civil action or applied to proceed *in forma pauperis*. In light of the recommendation of dismissal, the undersigned further recommends that no fees be assessed. Should the action proceed, however, Mr. Richards would be required to pay the applicable filing fees unless granted indigent status.