UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| JOE K. RICHARDS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-15-216-R |
|  | ) |  |
| DEBORAH STAFFORD, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## REPORT AND RECOMMENDATION

Plaintiff Joe K. Richards, a state prisoner appearing pro se and proceeding *in forma pauperis*, filed an Amended Complaint under 42 U.S.C. § 1983 complaining of allegedly unconstitutional treatment at the William S. Key Correctional Center ("WSKCC"). Doc. No. 11. United States District Judge David L. Russell referred the matter to the undersigned for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B), (C). Doc. No. 3. The undersigned has reviewed the Amended Complaint and recommends the Court dismiss it without prejudice.

**I.    Standard of Review**

Because Plaintiff is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) ("We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim."). While the Court construes a pro se litigant's

pleadings liberally, all parties must adhere to the rules of procedure applicable to their cases. *See Kay*, 500 F.3d at 1218.

A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## II. Plaintiff's Claims

In Count One, Plaintiff alleges Deborah Stafford, the WSKCC law library supervisor, opened his legal mail outside his presence. Am. Compl. at 2, 3. In Count Two, Plaintiff alleges William Monday, the WSKCC Warden, "told him not to address this issue" in a grievance. *Id.*

## III. Analysis

### A. Count One: Opening Legal Mail

In Count One, Plaintiff alleges that on "26, 25 of Nov. 2013," he went to the law library and discovered that Defendant Stafford had opened his legal mail outside his presence. *Id.* at 2-3. The undersigned finds this allegation, even if true, fails to state a valid claim for relief.

The opening of a prisoner's mail is not a constitutional injury by itself, although it may rise to that level if the action causes a qualifying injury, such as a denial of access to

2

the courts. *See Lewis v. Casey*, 518 U.S. 343, 348-49 (1996); *see also Simkins v. Bruce*, 406 F.3d 1239, 1243 (10th Cir. 2005) (recognizing that "unimpeded transmission of legal mail" is the "most obvious and formal manifestation of the right of access to the courts" and that to state a valid claim, a prisoner must show he or she suffered a cognizable injury that hindered his or her ability to pursue a legal claim). Plaintiff does not allege that Defendant Stafford's opening of Plaintiff's legal mail impeded Plaintiff from accessing the courts or otherwise deprived Plaintiff of a constitutional right. Without such a showing, Defendant Stafford's isolated incident of opening legal mail outside Plaintiff's presence does not violate the Constitution. *See Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (holding that prison official's opening of inmate's legal mail did not give rise to a constitutional violation because it was an "isolated incident" and there was "no evidence of improper motive or resulting interference with [plaintiff's] right to counsel or to access to the courts"); *accord Green v. Denning*, 465 F. App'x 804, 807 (10th Cir. 2012).

Accordingly, the undersigned recommends the Court dismiss Count One without prejudice.

    B.    *Count Two: Denying Access to the Grievance Process*

Plaintiff alleges that on May 23, 2014—almost six months after the conduct about which he complains in Count One—Plaintiff filed a grievance reporting the mail incident. Am. Compl. at 3. Plaintiff alleges Defendant Monday told him "not to address this issue, that it has been de[a]lt with, [and] that [Plaintiff] was out of time." *Id.* Plaintiff claims Defendant Monday's response violated Plaintiff's "rights to file grievance(s) . . . against

3

inmates, staff, etc." *Id.* Plaintiff also claims that he feels "threatened by the Warden to an[n]ihilate my grievance process because I'm speaking upon what I feel [are] my rights as a citizen of the United States of America." *Id.* at 2.

1. <u>Defendant Monday's Alleged Refusal to Accept a Grievance</u>

Plaintiff lacks any protected liberty interest in filing grievances, and, therefore, Defendant Monday's refusal to accept his grievance—standing alone—fails to state a valid claim for relief under § 1983. *See Spry v. McKune*, 479 F. App'x 180, 181 (10th Cir. 2012) (rejecting plaintiff's claim that his due process rights were violated "when he was persuaded not to pursue a formal grievance"); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011) ("As the district court recognized, there is no independent constitutional right to state administrative grievance procedures."). Instead, "'when the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance.'" *Boyd*, 443 F. App'x at 332 (alteration and internal quotation marks omitted). Plaintiff has not alleged that he was denied access to the courts, and, indeed, he was able to file this action in this Court. Plaintiff has therefore failed to state a valid claim for relief. *See Fogle v. Infante*, 595 F. App'x 807, 810 (10th Cir. 2014) (holding that if prison official denied plaintiff access to grievance forms, he "was not required to exhaust the grievance process before seeking access to the courts" and "could not have been prevented access to the courts"); *Boyd*, 443 F. App'x at 332 ("[A]ny alleged deprivation of the prison grievance process here failed to implicate [plaintiff's] right of access to the courts, and the district

4

court was therefore correct to dismiss the amended complaint for failure to state a claim").

### 2. Defendant Monday's Alleged Retaliation

With liberal construction, Plaintiff's suggestion that Defendant Monday "threatened" his ability to file grievances could be interpreted as alleging unlawful retaliation. To succeed on such a claim, Plaintiff must allege:

> (1) that he was engaged in constitutionally protected activity; (2) that [Defendant Monday's] actions caused him to suffer an injury that "would chill a person of ordinary firmness from continuing to engage in that activity[";] and (3) that [Defendant Monday's] adverse action was substantially motivated as a response to [Plaintiff's] exercise of constitutionally protected conduct.

*Fogle*, 595 F. App'x at 810 (quoting *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007)).

Plaintiff's allegations do not plausibly support these required elements. Plaintiff has not specified any constitutionally protected activity in which he was engaged, except by a vague reference to his "speaking upon" what he "feel[s]" are his "rights." Am. Compl. at 2. Even if it is assumed that this speaking constitutes an exercise of a constitutional right, and that Defendant Monday's threatened curtailment of Plaintiff's use of the grievance process was designed to prevent that exercise, "refusing to give a prisoner a grievance form [is] not the type of injury that would chill a person of ordinary firmness from exercising their constitutional right." *Id.*

Because Plaintiff has failed to state a valid claim for relief on either theory, the Court should likewise dismiss Count Two without prejudice.

## RECOMMENDATION

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and based on the foregoing, the Court should dismiss Plaintiff's Amended Complaint without prejudice.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by July 14, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 23rd day of June, 2016.

/s/ Charles B. Goodwin

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE